James P. Watson, SBN 46127
Simon A. Mazzola, SBN 197640
STANTON, KAY & WATSON, LLP
101 New Montgomery Street, 5th Floor
San Francisco, CA 94105-3612
Telephone: 415-512-3501
Facsimile: 415-512-3515

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN WALTERS, JOHN BONILLA, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; PENSION TRUST FUND FOR OPERATING ENGINEERS; and PENSIONED OPERATING ENGINEERS HEALTH AND WELFARE FUND,<br><br>Plaintiffs,<br><br>v.<br><br>COVERALL ENGINEERING & CONSTRUCTION, INC., a California corporation; and ABDEL-KADER KHELIFA, an Individual,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT, DAMAGES AND EQUITABLE RELIEF** |

Plaintiffs complain of the defendants and for causes of action allege:

**JURISDICTION UNDER ERISA AND LMRA**

1.  This action arises under, and is brought pursuant to, Section 502 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. § 1132, which grants district courts exclusive jurisdiction to hear civil actions brought by a fiduciary. *See* 29 U.S.C. § 1132(e)(1). Further, Section 502(a)(3) of ERISA provides that a fiduciary has standing to enforce any ERISA provisions. Plaintiffs Ken Walters and Don Doser, Trustees and Co-Chairmen of the Operating Engineers Health and Welfare Trust Funds for Northern California, Pension Trust Fund

- 1 -
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES AND EQUITABLE RELIEF

for Operating Engineers and Pensioned Operating Engineers Health and Welfare Fund ("Trust Funds"), have the authority to bring actions on behalf of all Trustees. The above-named Trustees, in their respective capacities as Trustees of the aforesaid Trust Funds and on behalf of all the Trustees, have standing to bring this action and to enforce any ERISA provisions, as they are fiduciaries. Therefore, this Court has jurisdiction under ERISA over this action.

2. This action also arises under and is brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which extends to all "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ...." Plaintiffs are seeking to enforce defendants' obligation to contribute fringe benefits to the Trust Funds under a written collective bargaining agreement between the Council of Engineering and Laboratory Employers, Inc. ("CELE") and the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO, and the Trust Agreements incorporated into that collective bargaining agreement by reference therein. Therefore, this Court has jurisdiction under LMRA over this action.

## PARTIES

3. At all times material herein, Plaintiffs Ken Walters and John Bonilla have been, and currently are, Trustees and Co-Chairman and Chairman, respectively, of the Trust Funds with the authority to bring actions on behalf of all Trustees. These individuals are named fiduciaries of the Trust Funds, within the meaning of Section 402(a) of ERISA, 29 U.S.C. § 1102(a) and are the administrators of the Trust Funds and their respective plans. Any reference to "Board of Trustees" hereinafter refers to all of the Trustees for the Trust Funds. At all times material herein, Operating Engineers Health and Welfare Trust Fund for Northern California, Pension Trust Fund for Operating Engineers and Pensioned Operating Engineers Health and Welfare Fund (hereinafter collectively referred to as "Plans"), were and now are employee benefit plans created by written trust agreement and collective bargaining, and multi-employer benefit plans within the meaning of Sections 3 and 4 of ERISA, 29 U.S.C. §§ 102 and 1003. Contributions to the Trust Fund are due and payable in San Francisco, California.

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES AND EQUITABLE RELIEF

4.	At all material times herein, defendant Coverall Engineering & Construction, Inc. has been an employer within the meaning of Section 3(5) of Section 515 of ERISA, 29 U.S.C. §§ 1102(5) and 1145, and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. At all times material herein, defendant Coverall Engineering & Construction, Inc. has been signatory to two Independent Testing and Inspection Agreements binding it to the terms and conditions of the Master Labor Agreement between Operating Engineers Local Union No. 3 and the Council of Engineer and Laboratory Employers, Inc. ("CELE"). True copies are attached as Exhibits A and B. As a result of such membership, defendant was, and is, bound to the written collective bargaining agreement between the CELE and Operating Engineers Local Union No. 3 (hereinafter referred to as the "Collective Bargaining Agreements"). Plaintiffs are informed and believe, and upon that ground allege, that defendant Abdel-Kader Khelifa is an individual who owns, operates and controls defendant Coverall Engineering & Construction, Inc. Plaintiffs are informed and believe that defendants Coverall Engineering & Construction, Inc. and Abdel-Kader Khelifa constitute a single employer.

5.	By virtue of the Collective Bargaining Agreements and written Trust Agreements, defendant Coverall Engineering & Construction, Inc. promised and agreed that it would: (1) pay trust fund contributions into each of the Trust Funds at Alameda, California, in regularly monthly installments commencing on or before the 15th day of the month immediately succeeding the month for which contributions were first due; (2) that in the event that any of said monthly installments were not paid in full on or before the 15th day of the month in which such contributions became due, it would pay, as liquidated damages, and not as a penalty, the amount specified as such damages in the Trust Agreements and the collective bargaining agreement; and (3) if any suit with respect to any of said contributions or payments were filed against it, defendant would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

## FIRST CLAIM FOR RELIEF

### (ACTUAL DAMAGES – LMRA)

6.	The Boards of Trustees have, as one of their purposes, the obligation to ensure that contributions required to be made to said Trust Funds pursuant to collective bargaining agreements

- 3 -
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES AND EQUITABLE RELIEF

are fully and correctly made. The purpose of the respective Trust Funds is to provide health and welfare, vacation, pension and other benefits for operating engineers on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreements referred to herein comply with the terms of said agreements with respect to payments of said contributions to the Funds. Plaintiffs are not parties to the collective bargaining agreement and are not entitled to arbitration for the reason that the collective bargaining agreement excludes these provisions from the provisions from the arbitration clause.

7.  A question arose before the Board of Trustees concerning the lack of compliance by the defendant with the provisions requiring the prompt and correct payment of all Trust Fund contributions, and as a consequence, good cause appearing therefor, communications were directed to defendant by representatives of the Trust Funds demanding that the defendant submit to an audit in accordance with the provisions of the trust agreements.

8.  Pursuant to the collective bargaining agreement and agreements establishing the Trust Funds, an audit of the books and records of defendant was partially conducted, which revealed that fringe benefit contributions to the Trust Funds have not been submitted as required by said Agreement.

9.  Demand has been made of defendant for payment of the amounts determined to be due and owing pursuant to the partial audit, and the defendant has refused to pay such amounts and there is now due and owing and unpaid to the Trust Funds from the defendant, contributions, and liquidated damages for the known audit amounts of $77,260.77, plus additional sums accrued between the filing of this law suit and final judgment.

10. Plaintiffs are informed and believe and based on such information and belief alleged that the defendant violated Sections 01.00.00 and 02.00.00 of the Collective Bargaining Agreement. Consequently, based on such violation, pursuant to Section 13.09.00 of the Collective Bargaining Agreement, the Operating Engineers Pensioned Health and Welfare Trust Fund is entitled to an amount not to exceed the wages, straight time and over-time, and fringe benefits that would have been paid by an individual employer but for the violation plus twenty-five (25%) of the total

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES AND EQUITABLE RELIEF

amount, according to proof, not as a penalty but by way of damages for the damages suffered by the Union and Employer for the Employer's violation of the manning and hiring provisions of the Collective Bargaining Agreement.

## SECOND CLAIM FOR RELIEF
## (ACTUAL DAMAGES – ERISA)

11. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 10.

12. A question has arisen concerning the lack of compliance by the defendant with the provisions of both the Trust Agreements and the Master Agreement requiring the prompt and correct reporting and payment of all reports and contributions required to be made to the Operating Engineers Trust Funds. Demand was made of the defendant for the submission to an audit in order to determine if all reports and contributions required to be made have in fact been made. Demand has been made of defendant for payment of the amounts determined to be due and owing pursuant to a partial audit, and the defendant has refused to pay such amounts and there is now due and owing and unpaid to the Trust Funds from the defendant, contributions, and liquidated damages in the sum of $77,260.77, plus additional sums accrued between the filing of this law suit and final judgment.

13. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to all unpaid contributions, interest, liquidated damages, reasonable attorneys' fees and costs of the action and such other legal or equitable relief as the court deems appropriate. Plaintiffs are also entitled to attorneys' fees and costs under Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), and prejudgment interest.

## THIRD CLAIM FOR RELIEF
## (DAMAGES AND EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY – ERISA)

14. Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 13.

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES AND EQUITABLE RELIEF

15. Defendant, in agreeing to the terms and conditions of the aforementioned Trust Agreements, assumed a fiduciary duty to the Trust Funds, which required the defendant to submit timely and accurate reports of hours worked or amounts due, together with payments to the Trust Funds. The defendant exercised control over any contributions due, which are assets of the Trust Funds, and the defendant was a fiduciary as defined by ERISA Section 3(21), 29 U.S.C. § 1002(21).

16. The actions of the defendant complained of herein constitute a violation of fiduciary duties defined by ERISA, 29 U.S.C. §§ 1001 et seq.

17. Pursuant to the Collective Bargaining Agreement, Trust Agreements, and ERISA, the defendant is liable to plaintiffs for all interest on the unpaid contributions, liquidated damages, actual damages, attorneys' fees and other collection costs.

WHEREFORE, plaintiffs pray for judgment against the defendants as follows:

1. The defendants be decreed to pay over to plaintiffs the sum of $77,260.77, plus additional sums accrued between the filing of this law suit and final judgment, for the unpaid contributions, liquidated damages and interest owed pursuant to the partial audit conducted of the defendants' books and records by the plaintiffs;

2. The defendants be decreed to pay damages, according to proof, pursuant to Section 13.09.00 of the Collective Bargaining Agreement, to plaintiffs (on behalf of the Operating Engineers Pensioned Health and Welfare Trust Fund) for its violations of Section 01.00.00 and/or Section 01.00.00 of the Collective Bargaining Agreement;

3. For actual damages according to proof;

4. For an order directing and permanently enjoining the defendants to submit to the Trust Funds, all reports and contributions due and owing by defendants plus interest, liquidated damages, attorneys' fees, and costs as provided in ERISA §§ 502(a)(3) and (g)(2), 29 U.S.C. §§ 1132(a)(3) and (g)(2);

5. For an order permanently enjoining the defendants for so long as the defendants remain obligated to contribute to the Trust Funds, from failing, neglecting, or refusing to submit required monthly contributions reports and payments in a timely fashion as required by the terms of

- 6 -
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES AND EQUITABLE RELIEF

the Collective Bargaining and Trust Agreements and ERISA §§ 502(a)(3) and (g)(2), 29 U.S.C. §§ 1132(a)(3) and (g)(2);

6. For prejudgment interest and post-judgment interest at the highest legal rate;

7. For attorneys' fees, court costs, and other reasonable expenses incurred in connection with this action; and

8. For such other and further relief as this Court deems just and proper.

DATED: November 10, 2003

STANTON, KAY & WATSON, LLP

By _____
James P. Watson

Attorneys for Plaintiffs

F:\CASES\30\32.169 Coverall\PLEADINGS\COMPLAINT.doc

- 7 -
**COMPLAINT FOR BREACH OF CONTRACT, DAMAGES AND EQUITABLE RELIEF**

# INDEPENDENT
## TESTING AND INSPECTION AGREEMENT

*THIS AGREEMENT,* made and entered into this 17 th day of April, 1998, by and between Coverall Engineering & Co., Inc. ("Employer") and OPERATING ENGINEERS LOCAL UNION NO. 3 of the International Union of Operating Engineers, AFL-CIO ("Union").

The parties agree to bound to the terms and conditions of the 1996-1999 collective bargaining agreement between the Union and Council of Engineer and Laboratory Employers, Inc. ("CELE"), and any amendments, modifications, and supplements thereto, and/or extensions thereof, including any changes negotiated pursuant to a wage/fringe opener, any grievance settlements, Board of Adjustment decisions and arbitration awards, except that all references in that Agreement to "Employer" and "Individual Employer" shall be to the Employer signatory hereto. The Agreement between CELE and the Union shall hereinafter be referred to as the "Master Testing and Inspection Agreement." The Employer may select its own representatives to a Board of Adjustment provided for in the grievance/arbitration provisions of the Master Testing and Inspection Agreement.

This Agreement shall be effective the day that it is signed. The Employer shall be bound to the wages, hours and all other terms and conditions of future Master Testing and Inspection Agreements and any amendment(s) thereto; modifications and supplements thereto, provided that either party may terminate this Agreement during the period of sixty (60) to ninety (90) days before the expiration of any CELE agreement, by giving the other party notice as required by Section 8(d) of the National Labor Relations Act, as amended. If neither party gives notice during that period as provided therein, this Agreement shall remain in effect, provided however, that if either party wishes to terminate this Agreement at a subsequent date, it may do so by giving the other party notice as required by Section 8(d) during the period of sixty (60) to ninety (90) days before the expiration date of any future Master Testing and Inspection Agreements. If CELE and the Union extend their current Agreement, neither party may terminate this Agreement before that extension expires. Both parties expressly and unequivocally waive any right they may have to do so. Furthermore, if CELE and the Union do not extend their current Agreement, both parties expressly and unequivocally waive their right to terminate this Agreement before the current Master Testing and Inspection Agreement (1996-1999) expires.

If the Union sometime in the future enters into a Master Testing and Inspection Agreement with a multi-employer entity other than CELE, and does not enter into a Master Testing and Inspection Agreement with CELE, the Agreement between the Union and that other entity shall be the Master Testing and Inspection Agreement for the purpose of this Agreement.

Receipt of copies of the current Master Testing and Inspection Agreement and amendments, modifications and supplements to date, and of the other agreements incorporated by reference therein, is hereby acknowledged by the Employer by acceptance of this Agreement.

*IN WITNESS WHEREOF,* the parties hereto have hereunto set their hands and seals by their respective officers duly authorized to do so this 17 th day of April, 1998

**EMPLOYER:**
Coverall Engineering & Co., Inc.
91 Charter Oak Avenue
San Francisco, CA 94124

*[signature]*

Abdel-Kader Khelifa, President

**UNION:**

OPERATING ENGINEERS LOCAL UNION
NO. 3 of the International Union of
Operating Engineers, AFL-CIO

*[signature]*
President

*[signature]*
Recording-Corresponding Secretary

*[signature]*
Business Manager

*[signature]*
Business Representative

19994-18

12/11/96-tyr
opeiu-3-afl-cio-(3)
IndTest.doc

-1- EXHIBIT A

RECEIVED
MAY 0 5 1998
CONTRACTS

# INDEPENDENT TESTING AND INSPECTION AGREEMENT

THIS AGREEMENT, made and entered into this **1ST** day of **March**, 199**9**, by and between **Coverall Engineering + Co.** ("Employer") and OPERATING ENGINEERS LOCAL UNION NO. 3 of the International Union of Operating Engineers, AFL-CIO ("Union").

The parties agree to bound to the terms and conditions of the 1999-2002 collective bargaining agreement between the Union and Council of Engineer and Laboratory Employers, Inc. ("CELE"), and any amendments, modifications, and supplements thereto, and/or extensions thereof, including any changes negotiated pursuant to a wage/fringe opener, any grievance settlements, Board of Adjustment decisions and arbitration awards, except that all references in that Agreement to "Employer" and "Individual Employer" shall be to the Employer signatory hereto. The Agreement between CELE and the Union shall hereinafter be referred to as the "Master Testing and Inspection Agreement." The Employer may select its own representatives to a Board of Adjustment provided for in the grievance/arbitration provisions of the Master Testing and Inspection Agreement.

This Agreement shall be effective the day that it is signed. The Employer shall be bound to the wages, hours and all other terms and conditions of future Master Testing and Inspection Agreements and any amendment(s) thereto; modifications and supplements thereto, provided that either party may terminate this Agreement during the period of sixty (60) to ninety (90) days before the expiration of any CELE agreement, by giving the other party notice as required by Section 8(d) of the National Labor Relations Act, as amended. If neither party gives notice during that period as provided therein, this Agreement shall remain in effect, provided however, that if either party wishes to terminate this Agreement at a subsequent date, it may do so by giving the other party notice as required by Section 8(d) during the period of sixty (60) to ninety (90) days before the expiration date of any future Master Testing and Inspection Agreements. If CELE and the Union extend their current Agreement, neither party may terminate this Agreement before that extension expires. Both parties expressly and unequivocally waive any right they may have to do so. Furthermore, if CELE and the Union do not extend their current Agreement, both parties expressly and unequivocally waive their right to terminate this Agreement before the current Master Testing and Inspection Agreement (1999-2002) expires.

If the Union sometime in the future enters into a Master Testing and Inspection Agreement with a multi-employer entity other than CELE, and does not enter into a Master Testing and Inspection Agreement with CELE, the Agreement between the Union and that other entity shall be the Master Testing and Inspection Agreement for the purpose of this Agreement.

Receipt of copies of the current Master Testing and Inspection Agreement and amendments, modifications and supplements to date, and of the other agreements incorporated by reference therein, is hereby acknowledged by the Employer by acceptance of this Agreement.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals by their respective officers duly authorized to do so this **12th** day of **May**, 199**9**.

**EMPLOYER:**

_[signature: Abdelladu Wwelif]_

**UNION:**

**OPERATING ENGINEERS LOCAL UNION NO. 3 of the International Union of Operating Engineers, AFL-CIO**

_[signature]_
President

_[signature: Robert L Wise]_
Recording-Corresponding Secretary

_[signature: Donald R. ____]_
Business Manager

_[signature]_
Business Representative

5/10/99
opeiu-3-afl-cio-(3)
IndTest.doc

**RECEIVED**
MAY 12 1999
CONTRACTS

**EXHIBIT B**